**S.A. HEALY COMPANY, Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Alexis M. Herman, Secretary of Labor, Respondents.**

Nos. 95–2421 & 95–2907.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 12, 1998.

Decided March 11, 1998.

Juris Kins, James L. Fox, Abramson & Fox, Chicago, IL, for S.A. Healy Co., Inc.

Steven J. Mandel, Allen H. Feldman, Edward D. Sieger, Department of Labor, Washington, DC, Ray Darling, Jr., Occupational Safety & Health Review Commission, Washington, DC, for Robert B. Reich, Occupational Safety and Health Review Commission.

Steven J. Mandel, Allen H. Feldman, Richard J. Fiore, Richard J. Fiore, Department of Labor, Chicago, IL, Edward D. Sieger, Thomas S. Williamson, Jr., Department of Labor, Washington, DC, for Alexis M. Herman.

Before CUMMINGS, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

EASTERBROOK, Circuit Judge.

Our first opinion in this case concluded, applying the approach of *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), that administrative sanctions under the Occupational Safety and Health Act set according to the Department of Labor's "instance-by-instance" policy, which penalizes each violation of a rule instead of assessing one penalty for each rule violated, produces "punishment" and therefore may not be combined with criminal sanctions for the same violations. 96 F.3d 906 (1996). After *Hudson v. United States,* — U.S. —, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), held that *Halper* had misstated the dispositive issues—in particular, that *Halper* erred in dispensing with the question whether a particular punishment is "criminal"—the Court remanded our case for further consideration. — U.S. —, 118 S.Ct. 623, 139 L.Ed.2d 604 (1997).

A wilful violation that causes the death of an employee is a misdemeanor under 29 U.S.C. § 666(e). See *United States v. Ladish Malting Co.,* 135 F.3d 484 (7th Cir.1998). After three of Healy's employees died in a methane explosion, the firm was convicted of three offenses under this statute and fined $750,000. The Secretary of Labor also cited Healy for 68 violations of the Act and regulations under 29 U.S.C. § 666(a):

> Any employer who willfully or repeatedly violates the requirements of section 654 of this title, any standard, rule, or order promulgated pursuant to section 655 of this title, or regulations prescribed pursuant to this chapter, may be assessed a civil penalty of not more than $70,000 for each violation, but not less than $5,000 for each willful violation. [In 1988, when the explosion occurred, the statutory maximum was $10,000.]

Seeking a penalty for every violation, however trivial, in order to run up the total fine was what led the Court in *Halper* to find a violation of the double jeopardy clause. We concluded that the result of the "instance-by-instance" policy under OSHA was as punitive as the cumulation of violations under the False Claims Act, the statute in *Halper.* But after *Hudson* there is an antecedent question: is the penalty "civil" or "criminal"? *Hudson* tells us to answer this question using the approach of *United States v. Ward,* 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980), and *Kennedy v. Mendoza–Martinez,*

372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963), which identify several important considerations. *Hudson* stepped through them, and we follow its example.

The first inquiry is whether Congress has designated the penalty as civil or criminal. If the former, only the "clearest proof", *Ward,* 448 U.S. at 249, 100 S.Ct. at 2641; *Hudson,* —— U.S. at ——, 118 S.Ct. at 493, that the penalty is really criminal would justify application of the double jeopardy clause. Section 666(a) is explicit that its sanction is "a civil penalty". Is there a powerful reason to disregard this designation? We must choose one way or the other for the statute as written rather than as applied. *Hudson,* —— U.S. at ——, 118 S.Ct. at 495. In other words, we must determine whether the sanction for a single violation of § 666(a) is a "criminal" penalty. To this question the answer must be "no." The exaction is financial-even an employer who is a natural person cannot be imprisoned or subjected to any other civil disability for a violation of § 666(a)—and money penalties have not been viewed historically as criminal punishment. *Hudson,* —— U.S. at ——, 118 S.Ct. at 495. Moreover, as in *Hudson* the penalty is assessed by the executive branch of the government, which is incompatible with the idea that the sanction is "criminal". Congress separated the civil and criminal domains by limiting the latter to violations with fatal effects. This makes § 666(a) a lesser included offense of § 666(e). Although the wilfulness element in § 666(a) is one common signifier of a criminal statute, because § 666(e) designates a misdemeanor it is plausible to treat the lesser included offense as a civil wrong despite the scienter element. Cf. *SEC v. Palmisano,* 135 F.3d 860 (2d Cir.1998) (money damages and restitution for securities fraud are not "criminal" penalties even though liability under § 10(b) of the Securities Exchange Act requires proof of scienter). What is more, "repeated" but non-wilful violations also may be handled under § 666(a). None of the other considerations identified in *Ward* or *Mendoza-Martinez* distinguishes our case from *Hudson;* the Court's analysis of these factors in the final two paragraphs of *Hudson,* —— U.S. at ——, 118 S.Ct. at 496, is equally germane to § 666(a).

Before *Halper* the courts of appeals regularly characterized penalties under § 666(a) and (b) as civil. See *Atlas Roofing Co. v. OSHRC,* 518 F.2d 990, 994–1002 (5th Cir. 1975), and *Frank Irey, Jr., Inc. v. OSHRC,* 519 F.2d 1200, 1204–07 (3d Cir.1974), both affirmed on other grounds, 430 U.S. 442, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977); *American Smelting & Refining Co. v. OSHRC,* 501 F.2d 504, 515 (8th Cir.1974); *Brennan v. Winters Battery Manufacturing Co.,* 531 F.2d 317, 325 (6th Cir.1975). The Supreme Court's return to pre-*Halper* law restores these decisions to vitality. Given the Court's willingness to respect the legislative designation, we hold that the double jeopardy clause does not forbid sanctions under § 666(a) following criminal punishment for the same offense under § 666(e). Healy offered no other objections to the administrative decision. The order of the Occupational Safety and Health Review Commission is accordingly enforced.