# In the
# United States Court of Appeals
## For the Seventh Circuit

---

Nos. 04-1950, 04-1974, 04-2653 & 05-3440

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MOHAMMAD MANSOORI, MARK COX,
KENNETH CHOICE, and TERRY YOUNG,

*Defendants-Appellants.*

---

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division
No. 97 CR 63—**George W. Lindberg**, *Judge.*

---

SUBMITTED JULY 10, 2006[Œ]—DECIDED MARCH 13, 2007

---

[Œ] Pursuant to Seventh Circuit Internal Operating Procedure 6(b), these successive appeals were submitted to the panel of judges that disposed of the defendants' direct appeals of their convictions and sentences. *See United States v. Mansoori*, 304 F.3d 635 (7th Cir. 2002). Judge Wood, who was a member of the original panel, has recused herself from consideration of the instant appeals, and Judge Manion was selected at random to replace her. None of the parties has included in its brief a statement indicating that oral argument is necessary, *see* Fed. R. App. P. 34(a)(1) and Circuit Rule 34(f), and upon review of the briefs and the record and consideration of the standards set forth in Fed. R. App. 34(a)(2), the panel has determined that oral argument is unnecessary to the resolution of these appeals. The appeals have therefore been submitted on the briefs and the record.

Before BAUER, MANION, and ROVNER, *Circuit Judges*.

ROVNER, *Circuit Judge.* In 2002, we affirmed the convictions of defendants-appellants Mohammad Mansoori, Mark Cox, Kenneth Choice, and Terry Young (collectively, the "defendants") in this narcotics conspiracy case, but we vacated their sentences and remanded the case to the district court in order to correct certain sentencing errors we had identified. *United States v. Mansoori*, 304 F.3d 635 (7th Cir. 2002) ("*Mansoori I*"). On remand, the district court corrected those errors but left in place the life sentences that all of the defendants had originally received on their conspiracy convictions.

The defendants' current appeals are aimed at their life sentences. Mansoori, Cox, and Choice contend that because we vacated their sentences in *Mansoori I*, they were (and are) entitled to *de novo* re-sentencing rather than re-sentencing confined to the particular errors we found in the prior appeal. *De novo* re-sentencing likely would benefit the defendants, because if the district court were to start the sentencing process over from scratch, it would have to comply with the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). In *Mansoori I*, we determined that the imposition of life sentences on the defendants' conspiracy convictions amounted to *Apprendi* error, because the jury had not made a finding as to the amount of narcotics involved in the conspiracy that would authorize a prison term of life. 304 F.3d at 657. However, believing that none of the defendants had made an *Apprendi*-like argument below, we reviewed the *Apprendi* challenge for plain error only. *Id.* We concluded that the *Apprendi* error did not warrant relief under that standard, reasoning that a properly instructed jury surely would have found the drug quantity necessary to support the life sentences. *Id.* at 658. Consequently, we did not find the defendants entitled to re-sentencing on their convictions for narcotics conspiracy. If, however, the defendants were now to be re-sentenced *de*

*novo*, as if the original sentencing had never occurred, the district court would be bound by *Apprendi*, and in the absence of a jury finding as to the relevant drug quantity, the lengthiest prison term that the court could impose on the conspiracy charge would be twenty years. *See Mansoori I*, 304 F.3d at 659 (discussing the erroneous life sentences imposed as to Young and Choice on the distribution charge set forth in Count Two); 21 U.S.C. § 841(b)(1)(C).

Alternatively, Mansoori, Cox, and Choice contend that their sentences are inconsistent with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), because the district court treated the Sentencing Guidelines as binding when it re-sentenced them. They ask us to grant them limited remands under *United States v. Paladino*, 401 F.3d 471 (7th Cir.), *cert. denied*, 126 S. Ct. 106 (2005), and *cert. denied*, 126 S. Ct. 1343 (2006), so that the district court may consider whether it would have imposed the same sentences on them knowing that the Guidelines are no longer binding but merely advisory.

Like his co-defendants, Young attacks his life sentence on the basis of *Apprendi*, but his reasoning is different. Young contends that because he, in contrast to the other defendants, preserved an *Apprendi* argument at his original sentencing, we erred in subjecting his *Apprendi* challenge to limited, plain error review. Young urges us to correct the mistake, vacate his life sentence on the conspiracy charge, and remand for *de novo* re-sentencing subject to a maximum prison term of twenty years on that charge.

For the reasons that follow, we conclude that Mansoori, Cox, and Choice are not entitled to *de novo* re-sentencing. They are, however, entitled to *Paladino* remands. We further conclude that Young is not entitled to *de novo* re-sentencing either, notwithstanding his contention that he

preserved his *Apprendi* challenge. Assuming that he timely raised an *Apprendi* argument in the district court, the error was harmless for the same essential reason we found it not to constitute plain error in *Mansoori I*. A *Paladino* remand is unnecessary in Young's case, as the district court stated on the record that it would not sentence Young any differently treating the Sentencing Guidelines as advisory in accord with *Booker*.

## I.

A jury convicted all four defendants of conspiring to distribute narcotics, in violation of 21 U.S.C. § 846, and the district court ordered them to serve life terms for that offense. In addition, Young and Choice were convicted of possessing cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and were ordered to serve concurrent life terms on that charge; Young was convicted of one count of money laundering, in violation of 18 U.S.C. § 1956, and was ordered to serve a concurrent term of twenty years on that charge; and Mansoori was convicted of 11 counts of engaging in monetary transactions involving property derived from criminal activity, in violation of 18 U.S.C. § 1957, as to which the district court imposed consecutive terms of ten years, to be served concurrently with his life term on the conspiracy charge.

On appeal, we affirmed the defendants' convictions but concluded that re-sentencing was necessary in order to correct certain errors. Specifically, we concluded that Young and Choice were subject to a maximum prison term of 20 years rather than life on the distribution charge, 304 F.3d at 658-59; that Young and Mansoori were subject to special assessments of $50 rather than $100 on their convictions for monetary offenses, *id.* at 659; that as to Young, the district court had the authority to consider a downward departure based on his purportedly diminished mental capacity, *id.* at 672-676; and that the district court

erred in ordering the defendants to pay community restitution, *id.* at 677.

As we have mentioned, among the arguments on which we did not grant relief in *Mansoori I* was the defendants' joint argument that their life sentences on the conspiracy charge were imposed in violation of their Sixth Amendment right to a jury trial as explained in *Apprendi.* Believing that none of the defendants had raised this issue in the district court, we reviewed the *Apprendi* argument for plain error only. *Id.* at 657. We agreed that the imposition of a life term constituted an obvious error in retrospect. The statute under which the defendants were charged with conspiracy provides for a prison sentence of up to life so long as the offense involved five or more kilograms of cocaine or one or more kilograms of heroin. 21 U.S.C. § 841(b)(1)(A)(i) and (ii). However, in the absence of a proven drug amount, the default maximum prison term is twenty years. § 841(b)(1)(C). In this case, the conspiracy charge set forth in Count One of the indictment did not allege, and the jury was not asked to find, that the amount of drugs involved in the conspiracy met or exceeded the statutory threshold for a life term. The jury's guilty verdict therefore did not support a sentence in excess of twenty years. *Id.* at 657. Nonetheless, we concluded that the error did not implicate the integrity and fairness of the judicial process so as to warrant relief under the plain error standard. *Id.* at 657-58. Having reviewed the trial record, we found that the evidence indicating the conspiracy involved the statutorily required amount of narcotics was so overwhelming as to leave no doubt that a properly instructed jury would have found that threshold satisfied. *Id.* at 658.[1]

---

[1] We reached a different conclusion with respect to the concurrent life terms imposed as to Young and Choice as to Count
(continued...)

Young filed a petition for rehearing. With respect to the *Apprendi* issue, Young noted that in contrast to the other defendants, his counsel had, in fact made a Sixth Amendment argument at sentencing that anticipated the *Apprendi* decision. Consequently, Young maintained, his *Apprendi* challenge was not subject to limited, plain error review, and because the court had already found that an *Apprendi* error had occurred, he was entitled to relief in the form of *de novo* re-sentencing. In its answer to Young's petition, submitted at our request, the government did not contest Young's assertion that he had timely raised a Sixth Amendment argument in the district court and was therefore entitled to relief under *Apprendi*. Rather, the government contended that the point was moot because this court had vacated each of the defendant's sentences and remanded for re-sentencing in light of the other errors the court had identified. Consequently,

---

(...continued)

Two of the indictment, which charged them with possessing with the intent to distribute one kilogram of cocaine in violation of 21 U.S.C. § 841(a)(1). Given that Young and Choice were alleged to have possessed no more than one kilogram of cocaine in this charge, the maximum possible prison term that could be imposed on them was forty years rather than life. *See* 21 U.S.C. § 841(b)(1)(B)(ii). So the life sentences on Count Two were erroneous irrespective of the fact that the jury, as with the Count One conspiracy charge, had not been asked to make a finding as to the amount of narcotics that Young and Choice had distributed. 304 F.3d at 659. Consequently, re-sentencing on Count Two was required even if we had no doubt that the jury would have found that Young and Choice had distributed the one-kilogram quantity of cocaine alleged in the indictment. *Id.* And in re-sentencing these two defendants on Count Two, the district court would of course have to comply with *Apprendi*. *Id.* Consequently, in the absence of a jury finding as to the relevant drug quantity, the district court on remand could (and did) impose a sentence of no greater than twenty years. *Id.*

the government reasoned, Young as well as the other defendants were to be re-sentenced on the conspiracy charge and any *Apprendi* error would be taken care of in re-sentencing.

We denied Young's petition for rehearing without comment. The Supreme Court subsequently denied the petition for a writ of certiorari filed by Mansoori, Cox, and Young. *Cox v. United States*, 538 U.S. 967, 123 S. Ct. 1761 (2003).

On remand, the government performed an about-face and contended that because this court had not vacated Young's sentence as a whole and had not directed that Young be re-sentenced on the conspiracy conviction, Young was not entitled to *de novo* re-resentencing. *See* R. 808, 810, 839. After entertaining the parties' memoranda as to the scope of the remand, the district court concluded that the only issues to be addressed with respect to Young's sentence were Young's request for a downward departure based on his purportedly diminished mental capacity, correction of the sentence on Count Two to conform with the statutory maximum of twenty years, the payment of community restitution, and the special assessment imposed as to the Count Fourteen money laundering charge. R. 851, R. 884 at 4-5, R. 1012-2 at 27-28. The court rejected the possibility of re-visiting the life sentence imposed on Young on the Count One conspiracy conviction in light of the *Apprendi* error we had acknowledged on appeal. R. 1012-2 at 30; *see also* R. 851, R. 884 at 4-5.

With respect to Young's co-defendants, the district court similarly concluded that the discrete errors that had prompted this court to vacate their sentences (the erroneous life term on Count Two for Choice, the excessive special assessments on Mansoori's monetary offenses, and the order that all defendants pay community restitution) did not entitle them to completely new sentences that

would conform with the *Apprendi* decision. R. 851, R. 884 at 4-5. As to each defendant, the court re-imposed the life sentence on Count One that it had originally ordered each defendant to serve. R. 891, R. 892, R. 939, R. 1000.

The remand consequently had little appreciable impact on any of the appellants' sentences. The court denied Young's request for a diminished-capacity departure, R. 1012-2 at 28, and as to Count Two re-sentenced both Young and Choice to twenty-year terms, to be served concurrently with their life sentences on Count One. The court rescinded the original requirement that all defendants pay community restitution. And the court corrected the special assessments that Young and Mansoori owed on their convictions for monetary offenses.

Thusly the defendants have arrived back in this court, asserting as they did below that they are entitled to *de novo* re-sentencing subject to maximum prison terms of twenty years on their Count One conspiracy convictions in conformity with *Apprendi*.

## II.

We begin our review with Choice, Cox, and Mansoori. None of these three defendants argued prior to their original sentencings that the Sixth Amendment precluded the district court from making the factual findings necessary to raise the statutory maximum prison term on their Count One convictions for narcotics conspiracy from twenty years to life. It was for that reason in *Mansoori I* that we reviewed the *Apprendi* challenge to their life sentences on Count One for plain error; and, as we have discussed, we concluded that there was no plain error because a properly instructed jury surely would have found the threshold amount of cocaine and/or heroin necessary to permit a life term. 304 F.3d at 657-58.

Despite our affirmance of their life terms, Choice, Cox, and Mansoori contend that the district court should have re-sentenced them *de novo* on remand and, in compliance with *Apprendi*, imposed terms of no greater than twenty years on Count One. Specifically, they argue that the district court misconstrued our remand order as one confined to correcting the discrete sentencing errors we identified in the prior appeal. As a fallback, these defendants contend that because their corrected sentences on remand were imposed prior to the Supreme Court's decision in *Booker* and the district court consequently treated the Sentencing Guidelines as binding, they are entitled to remands pursuant to our decision in *Paladino*.

An observation is in order at the outset. As we have noted, the government, in opposing the petition for rehearing that Young filed following this court's decision in *Mansoori I*, represented that in view of this court's decision to vacate the defendants' sentences, the defendants would of course be re-sentenced *de novo* and in compliance with *Apprendi* on remand. Although the government quickly abandoned (and contradicted) that view on remand, the defendants have suggested that the government's original concession that the defendants were entitled to *de novo* re-sentencing amounts to a judicial admission that entitles them to that relief.

However, the government's representations on this subject are beside the point as far as we are concerned. The scope of the *Mansoori I* remand is, in the first instance, a question of what this court intended when it vacated the defendants' sentences and remanded for re-sentencing, and, in the second instance, a question of the district court's sentencing discretion. *See United States v. White*, 406 F.3d 827, 831-33 (7th Cir. 2005), *cert. denied*, 127 S. Ct. 552 (2006). The government's original understanding of our prior decision, right or wrong, cannot bind us as we examine the scope of the relief we ordered and

then consider whether the district court complied with our mandate. *See Sibron v. New York*, 392 U.S. 40, 58, 88 S. Ct. 1889, 1900 (1968); *Ren v. Gonzales*, 440 F.3d 446, 448 (7th Cir. 2006). This is true both as to Young and the other defendants.

That said, we conclude that the district court was not obliged to re-sentence Choice, Cox, and Mansoori *de novo* on remand from the prior appeal. It is true that we vacated their sentences generally without imposing any express limitations on the scope of the re-sentencing, and vacation of a sentence nominally results in a clean slate. *See White*, 406 F.3d at 832 (collecting cases). In the absence of any limiting language in *Mansoori I*, we may assume that the district court had the discretion to unbundle and adjust the defendants' sentencing packages as necessary in order to effectuate its sentencing intent while rectifying the errors we had identified. *See White* at 832-33. Yet, none of the discrete errors we identified in *Mansoori I* implicated life terms imposed on Count One, nor did the correction of those errors necessitate unbundling of the defendants' overall sentences. Relieving all three of these defendants of the obligation to pay community restitution and reducing the special assessment that Mansoori was obliged to pay on his monetary offenses had nothing whatsoever to do with their prison terms. And although Choice's sentence on Count Two was reduced from life to twenty years, the admittedly significant reduction of that concurrent sentence had no impact on the overall term that Choice was ordered to serve. It was the life term imposed on each defendant pursuant to their convictions on Count One that dictated the overall length of their sentences, and we expressly held in *Mansoori I* that the life sentences were not plainly erroneous. 304 F.3d at 657-58. Whatever discretion our decision to vacate the defendants' sentences may have given the district court on remand, the court certainly did not abuse that discretion

in declining to re-visit their life terms on Count One and to re-sentence them from scratch.

However, when it re-sentenced these defendants, the district court did treat the Sentencing Guidelines as mandatory in accord with pre-*Booker* precedent. The defendants did not preserve a *Booker*-type objection below, so our review is solely for plain error, as the defendants concede. *See* Joint Opening Brief of Defendants Mansoori, Cox, and Choice at 14 ("Clearly review under plain error continues to apply here."); *Paladino*, 401 F.3d at 481. Whether or not these defendants are entitled to yet another re-sentencing in light of *Booker* turns on whether the district court might have sentenced differently knowing that the Guidelines are merely advisory. *Id.* at 483-84. The record as it stands does not supply us with an answer to that question. Accordingly, Mansoori, Cox, and Choice are each entitled to a remand so that the district court can consider whether it might have sentenced them more leniently knowing that the Guidelines are advisory rather than binding. *See id.* at 484; *United States v. Williams*, 410 F.3d 397, 404 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 1182 (2006). If the district court answers this question in the affirmative as to any of these defendants, then plain error will have been established and that defendant will be entitled to re-sentencing. *Paladino*, 401 F.3d at 484; *Williams*, 410 F.3d at 404. If not, then their current sentences will remain undisturbed so long as we find them to be reasonable. *Paladino*, 401 F.3d 484.

We reject the defendants' additional contention that due process entitles them to more than the limited remand we described in *Paladino*, specifically an unrestricted opportunity—including an evidentiary hearing, if necessary—to present evidence relevant to the sentencing factors identified in 18 U.S.C. § 3553(a). *Paladino* itself affords both parties a reasonable opportunity to make written proffers of the evidence they believe relevant to the

district court's exercise of its broad sentencing discretion under section 3553(a). 401 F.3d at 484. But as we observed in *United States v. Della Rose*, 435 F.3d 735, 736-37 (7th Cir.), *cert. denied*, 126 S. Ct. 2044 (2006), a *Paladino* remand does not necessarily entitle a defendant to an evidentiary hearing. In many if not most cases, the parties' written submissions will be all the court needs to answer the question posed by the *Paladino* remand. *Id.* The district court is in the best position to know what circumstances influenced its original sentencing decision and what information it now requires in order to determine whether it might have sentenced any defendant differently freed of the constraints of the Guidelines. There is no need for us to dictate in advance what steps, if any, the district court must take beyond soliciting the parties' written submissions and giving those submissions due consideration.

## III.

Young's appeal is premised on the notion that he, unlike his co-defendants, preserved an *Apprendi* challenge at his original sentencing and as a result is entitled to *de novo* re-sentencing subject to a maximum prison term of twenty years on Count One. Because Young's counsel made an *Apprendi*-like argument at the time of his original sentencing, he maintains that we were wrong to say in *Mansoori I* that all of the defendants, including Young, had failed to preserve the *Apprendi* argument and to confine our review to one for plain error only. 304 F.3d at 657. As he sees it, the district court then compounded our error when, on remand, it left in place his life sentence on Count One. Allowing for the possibility that Young might yet prevail on his *Apprendi* claim, the district court did indicate that if we were to decide that Young was subject to a maximum term of years on Count One, it would impose

that term to be followed by consecutive terms of twenty years on Count Two (the distribution charge) and another twenty years on Count Fourteen (the money laundering charge), for a total term of sixty years. R. 1012-2 at 29-30. But Young characterizes this alternative sentence as suspect, apparently because it reflects an unwillingness to sentence him afresh, if not a vindictive intent to punish him in the event he prevailed in this appeal. Accordingly, Young urges us to set aside the law of the case doctrine, recognize belatedly that he preserved his *Apprendi* argument, vacate his life term on Count One, and order him to be re-sentenced *de novo* subject to a maximum prison term of twenty years on that count.

We recognize that Young *may* have been in a different position with respect to his preservation of the *Apprendi* argument. A footnote in the defendants' opening brief in the prior appeal did note Young's counsel had raised an *Apprendi*-like argument at sentencing; the same observation was made in a footnote in the reply brief as well. Our decision did not address that distinction nor consider whether Young, in contrast to the other defendants, had preserved the *Apprendi* claim.

It is debatable whether Young actually did preserve the argument. Young's counsel did file a written objection that quite accurately predicted *Apprendi*'s holding. However, the objection was not filed until the day of Young's sentencing, beyond the deadline set by the district court for objections to the probation officer's pre-sentence report (which, of course, assumed a sentence of life on Count One was permissible notwithstanding the lack of a jury verdict as to the amount of narcotics involved in the conspiracy). Young's objection relied on the precursor to *Apprendi*—the Supreme Court's decision in *Jones v. United States*, 526 U.S. 227, 119 S. Ct. 1215 (1999)—which was decided on March 24, 1999, nearly six months before Young's sentencing on Wednesday, September 22, 1999. As

Young's counsel conceded at sentencing, nothing prevented him from making his *Jones* objection in a timely manner. Young Sentencing Tr. (Sept. 22, 1999) at 6. Although the district court went on to address (and reject) the merits of the objection, it found at the outset that the objection was late and cited the untimeliness of the objection as its first reason for overruling the objection. *Id.* at 10 ("First of all, it will be denied as untimely . . . ."), 11 ("I said both untimely and on the merits."). Young's contention that he preserved the *Apprendi* argument by raising it at sentencing thus depends on us ignoring the district court's threshold determination that the argument was not timely made.

Nonetheless, we may set the timeliness question aside, keeping in mind that the government itself, in responding to Young's petition for rehearing in the prior appeal, did not contest the notion that Young had preserved the argument. But even assuming that he did preserve the *Apprendi* challenge, Young would not automatically be entitled to *de novo* re-sentencing subject to a twenty-year maximum prison term, as he assumes.

A sentence imposed in violation of *Apprendi* will nonetheless stand if the *Apprendi* error was harmless. *See* Fed. R. Crim. P. 52(a) ("[a]ny error, defect, irregularity, or variance that does not affect substantial rights *must* be disregarded") (emphasis ours); *e.g.*, *United States v. Dumes*, 313 F.3d 372, 384-85 (7th Cir. 2002); *United States v. Adkins*, 274 F.3d 444, 454-55 (7th Cir. 2001); *United States v. Nance*, 236 F.3d 820, 825 (7th Cir. 2000); *see also Knox v. United States*, 400 F.3d 519, 523 (7th Cir.), *cert. denied*, 126 S. Ct. 358 (2005). In other words, the lack of a jury finding as to drug quantity does not preclude a reviewing court from concluding that the evidence of the requisite quantity was so strong as to leave no doubt as to what the jury's finding on that subject would have been.

If the court is persuaded beyond a reasonable doubt that a properly instructed jury would have found the necessary drug quantity, then the error is harmless. *Dumes*, 313 F.3d at 384-85; *Nance*, 236 F.3d at 825-26.

Notably, the relevant inquiry on harmlessness review in *Apprendi* cases is the same inquiry posed on plain error review. *See Nance*, 236 F.3d at 825. As we observed in *Nance*, "Whether or not we are applying the stringent plain error screen, the *Apprendi* error . . . requires us to ask whether it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty beyond a reasonable doubt.'" *Id.*, quoting *Neder v. United States*, 527 U.S. 1, 18, 119 S. Ct. 1827, 1838 (1999); *see also United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777-78 (1993). The key distinction between the harmless error and plain error analyses lies in the assignment of the burden of persuasion—in plain error cases, it is the defendant's burden to prove that the error *was* prejudicial, whereas in harmless error cases it is the government's burden to prove that the error was *not* prejudicial. *Id.* at 734-35, 113 S. Ct. at 1778. In either case, however, an appeals court is looking to the same record and engaging in the same basic inquiry to determine whether the error affected the outcome below and in that sense prejudiced the defendant. *See Nance*, 236 F.3d at 825.

We have already evaluated the impact of the *Apprendi* error and concluded that it did not affect the outcome insofar as the lengths of the defendants' sentences on Count One are concerned. In *Mansoori I*, we concluded upon review of the trial record that a properly instructed jury would have found the defendants guilty of conspiring to distribute the quantity of narcotics necessary to permit life sentences on Count One. 304 F.3d at 658. "The jury convicted the defendants on the conspiracy

charge, and the record leaves no doubt that the conspiracy involved the distribution of far more than five kilograms of cocaine and/or one kilogram of heroin." *Id.* We cited multiple examples of trial testimony which led us to this conclusion, *id.*, and our closing words on the subject made clear that we did not view the question as a close one:

> [T]he evidence before the jury *consistently and overwhelmingly* demonstrated that the defendants were distributing cocaine and heroin on a very large scale. In view of that evidence, *there can be no doubt* that the jury would have found that the offense involved the threshold amount of five kilograms of cocaine and/or one kilogram of heroin as necessary to authorize prison terms of life for defendants Young, Mohammad Mansoori, Cox, and Choice.

*Id.* (emphasis supplied), citing *Nance*, 236 F.3d at 826. That we rendered this assessment on plain error review makes no difference insofar as Young is concerned. We engaged in the same analysis of the evidence that we would have engaged in had we determined that Young—or for that matter any or all of the defendants—had properly preserved an *Apprendi* argument. *See id.* at 825. We resolved the inquiry adversely to Young and his co-defendants, concluding that the *Apprendi* error did not prejudice them. That holding is the law of the case.

Thus, even if Young did preserve his *Apprendi* argument, contrary to our assumption in *Mansoori I*, it would make no difference in terms of Young's entitlement to relief. Our holding in *Mansoori I* that the *Apprendi* error did not affect the outcome in terms of the defendants' responsibility for the requisite drug amounts makes clear that error was harmless, and it therefore forecloses the relief that Young is seeking: *de novo* re-sentencing subject to a maximum prison term of twenty years on Count One.

We have considered whether Young might be entitled to re-sentencing or alternatively to a *Paladino* remand in light of the Supreme Court's *Booker* decision, but we conclude that he is not so entitled. In contrast to the three other appellants, Young was re-sentenced after *Booker* was decided. At that time, the government suggested that the district court take the opportunity, after it addressed the particular errors that had prompted the remand, to articulate an alternative sentence on all counts of conviction that would comply with the *Booker* decision. The court declined to take that step. R. 1012-2 at 29.[2] However, the court did make clear on the record that it would not sentence Young any differently notwithstanding the advisory nature of the Guidelines. *Id.* In so stating, the court made clear that it understood it was not bound by the Guidelines, and it eliminated any need for us to order a *Paladino* remand. *See United States v. Julian*, 427 F.3d 471, 491 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 1444 (2006). The sentence was otherwise reasonable—it was within the Guidelines range, making it presumptively reasonable, and Young makes no argument that any of the sentencing factors identified in 18 U.S.C. § 3553(a) weigh so strongly in favor of a lesser sentence as to rebut this presumption. *See United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 1182 (2006).

---

[2] As we have noted, the court did provide for an alternative total sentence of sixty years in the event that this court held Young subject to a maximum prison term of twenty years on Count One. But this was a sentence aimed at a possible *Apprendi* problem with the statutory maximum term rather than one which properly treated the Sentencing Guidelines as advisory in compliance with *Booker*.

**IV.**

For the reasons set forth above, defendants Mohammad Mansoori, Cox, and Choice were not entitled to *de novo* re-sentencing on remand from this court's prior decision in *Mansoori I*. They are, however, entitled to *Paladino* remands at this juncture so that the district court may consider whether it might have sentenced them differently knowing that the Sentencing Guidelines are advisory rather than binding. We therefore REMAND the sentences of Mansoori, Cox, and Choice to the district court pursuant to *Paladino* and retain jurisdiction over their appeals pending the outcome of that remand.

Young is not entitled to *de novo* re-sentencing notwithstanding his contention that he properly preserved his *Apprendi* argument and that this court erred in reviewing that argument for plain error in *Mansoori I*. Even if Young did preserve the argument, the *Apprendi* error was harmless for the same reasons we concluded the error was not plain error in *Mansoori I*: a properly instructed jury surely would have found beyond a reasonable doubt that the conspiracy charged in Count One involved at least five kilograms of cocaine and/or one kilogram of heroin. A *Paladino* remand is not necessary as to Young. The district court has stated that it would not sentence Young differently treating the Guidelines as advisory rather than binding. His sentence is a reasonable one. We therefore AFFIRM Young's sentence.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*

USCA-02-C-0072—3-13-07