NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

March 20, 2008

*Before*

William J. Bauer, *Circuit Judge*

Daniel A. Manion, *Circuit Judge*

Ilana Diamond Rovner, *Circuit Judge*

Nos. 04-1950, 04-1974 & 04-2653

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

    v.

MOHAMMAD MANSOORI,
MARK COX, and
KENNETH CHOICE,

    *Defendants-Appellants.*

Appeals from the United States
District Court for the Northern
District of Illinois, Eastern
Division

No. 97 CR 63

George W. Lindberg, *Judge*

**ORDER**

Last year, we ordered a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), so that the district court could consider whether it might have sentenced defendants-appellants Mohammad Mansoori, Mark Cox, and Kenneth Choice differently knowing that the U.S. Sentencing Guidelines were advisory rather than binding. *United States v. Mansoori*, 480 F.3d 514, 524 (7th Cir.), *cert. denied*, 128 S. Ct. 165 (2007). *See generally United States v. Booker*, 543 U.S. 220, 125

S. Ct. 738 (2005). The district court, after reviewing the memoranda submitted by the parties, has now answered that question in the negative. R. 1047, 1048, 1049. We must now decide whether the life sentences imposed on each of these appellants are reasonable. *See Paladino*, 401 F.3d at 484, citing *Booker*, 543 U.S. at 261, 125 S. Ct. at 765. If so, then any Sixth Amendment error that occurred in the sentencing process, when the district court treated the Guidelines as binding, did not affect the appellants' substantial rights and consequently did not amount to plain error. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). We conclude that the sentences are reasonable.

The life terms are within the range of imprisonment recommended by the Guidelines, and as such they are presumptively reasonable. *Id.*; *see Rita v. United States*, 127 S. Ct. 2456, 2462-65 (2007) (court of appeals may apply presumption of reasonableness to sentence that falls within properly-calculated Guidelines range). As we have noted on multiple occasions, it will be the rare Guidelines sentence that we will overturn as unreasonable. *Mykytiuk*, 415 F.3d at 608; *see also, e.g., United States v. Gammicchia*, 498 F.3d 467, 468 (7th Cir. 2007) ("'[I]t will be the rare sentence indeed that was *required* under the Guidelines before *Booker* but *forbidden* afterward, when discretion has gone up rather than down.'") (quoting *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006) (emphasis in *Gama-Gonzalez*). The appellants bear the burden of rebutting the presumption of reasonableness by showing that the sentencing factors set forth in 18 U.S.C, §3553(a) require a non-Guidelines sentence. *E.g., United States v. Blue*, 453 F.3d 948, 952 (7th Cir. 2006) (citing *Mykytiuk*, 415 F.3d at 608). We invited the parties to file position statements regarding the district court's determination on remand that it would not have sentenced the appellants differently knowing that the Guidelines are merely advisory. Although the government has filed such a statement, none of the appellants has done so, and they have therefore waived any argument that their sentences are unreasonable. *See United States v. Useni*, Nos. 06-1978 & 06-2107, --- F.3d ---, 2008 WL 451303, at *17-*18 (7th Cir. Feb. 21, 2008).

Our own review of the facts leaves us satisfied that the life sentences are appropriate. All three of the appellants were involved in a narcotics conspiracy that involved the distribution of very large amounts of heroin and cocaine by members of the Traveling Vice Lords street gang. *See United States v. Mansoori*, 304 F.3d 635, 642-43, 658 (7th Cir. 2002). Along with his brother, Mansoori played a key role in that conspiracy by supplying both narcotics and firearms to co-defendant Terry Young, a high-ranking member of the Traveling Vice Lords who was in charge of the gang's drug sales. *Id.* at 643. Cox was also a ranking member of the Traveling Vice Lords who worked directly under the supervision of Young and managed a large area of drug-distribution spots for the gang. *Id.* Choice likewise worked under Young's supervision, picking up and delivering drugs for various members of the gang. *Id.* Both Cox and Choice were found to be managers or supervisors for sentencing

purposes, *id.* at 668-69, 671, reflecting their relative degree of responsibility for the underlying offenses.  Given the scale of the conspiracy and the substantial roles that each of these appellants played in that crime, we would be hard pressed to say that the life sentences are unreasonable.

For these reasons, we AFFIRM the sentences imposed on appellants Mansoori, Cox, and Choice.