SHEPHERD, Circuit Judge,
dissenting.
Because I do not believe that the government has carried its burden of showing the harmlessness of the district court’s significant procedural error, applying a presumption of reasonableness to Henson’s advisory guidelines range, I dissent.
“The difference between a review for harmless error and plain error is critical; under a harmless error standard the government has the burden of persuasion, whereas under plain error, the defendant bears the burden of persuasion to show the error affected his substantial rights.” United States v. Gianakos, 415 F.3d 912, 923 n. 6 (8th Cir.2005); see United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Accordingly, here the government must prove that the district court’s significant procedural error, presuming Henson’s Guidelines range to be reasonable, was harmless, i.e., not prejudicial to Henson. United States v. Mansoori, 480 F.3d 514, 523 (7th Cir.2007) (citing Olano, 507 U.S. at 734-35, 113 S.Ct. 1770). The government carries this burden if it “show[s] that no ‘grave doubt’ exists as to whether the error substantially influenced the outcome of the proceedings.” United States v. Greene, 513 F.3d 904, 908 (8th Cir.2008) (quoting United States v. Cullen, 432 F.3d 903, 906 (8th Cir.2006)). I note that this court has previously held that a sentencing court abused its discretion by applying a presumption of reasonableness, “plainly an error of law, rendering [the defendant’s] sentence unreasonable.” See United States v. Aguilera, 523 F.3d 876, 877-78 (8th Cir.2008).
The district court stated at sentencing that it was applying a presumption of reasonableness to Henson’s Guidelines range of 84 to 105 months, sentenced him at the very bottom of that range, 84 months, and stated that, even if it had not applied the presumption, it would have imposed the same sentence. The district court’s only other explanation for the 84-month sentence was that Henson’s health issues, his primary basis for seeking a downward variance, were not persuasive. The majority finds that the government has carried its burden of showing the district court’s error to be harmless in light of the district court’s statement that, even absent the presumption, it would have imposed the same sentence.
However, we have rejected the government’s argument in an analogous case, United States v. Icaza, 492 F.3d 967 (8th Cir.2007), involving the misapplication of an offense level enhancement. Id. at 970. There, as here, the government contended that the error was harmless because the record showed that, notwithstanding the error, the district court would have given the defendant the same sentence. Id. The portion of the record relied on by the government was the following statement by the district court:
I’m saying that what I think is sufficient but not greater than necessary sentence, which is the charge the district court is *926 given, I think it’s 63 months, and to the extent that I have done a sword dance in accepting or rejecting role, amount of loss, number of victims, I think 63 months is a fair sentence under the Booker analysis and the Haack analysis.
Id.; see United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); United States v. Haack, 403 F.3d 997 (8th Cir.2005).
The Icaza Court was not persuaded by the government’s contention, finding the misapplication of the enhancement was not harmless because the district court’s state1 ment was “not detailed enough,” 492 F.3d at 970, in that “the sentencing court pronounce^] an identical alternative sentence, not based on any alternative guidelines calculation but instead intended to cover any and all potential guidelines calculation errors.... ” Id. at 971 (quoting United States v. Bah, 439 F.3d 423, 431 (8th Cir.2006)). The court explained:
[T]he district court did not determine an alternative guidelines range without the ... enhancement and explain a variance from it based on § 3553(a) factors, but rather it made a blanket statement that 63 months is a “fair” sentence. Such a statement cannot provide the basis for a finding of harmless error.

Id.

In this case, the district court stated that it would have imposed the exact same sentence, even absent the presumption of reasonableness, but offered no explanation as to why the same sentence would be appropriate without the presumption. In fact, the district court offered almost no explanation as to why the 84-month sentence was appropriate other than the presumption. In my view, supported by Icaza, if a district court can apply a presumption of reasonableness and then innoculate the sentence from reversal by stating that it would impose an identical sentence absent the presumption, a point I find suspect in light of Gall v. United States, 552 U.S. -, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), see United States v. Vickers, 528 F.3d 1116, 1122-23 (8th Cir.2008) (Shepherd, J., concurring), it must couple the statement with an adequate explanation. See Icaza, 492 F.3d at 971; see also Rita v. United States, 551 U.S. -, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) (“The sentencing judge should set forth enough to satisfy the appellate court that he has ... a reasoned basis for exercising his own legal decisionmaking authority.”). Where, as here, the sentencing court does not do so, the error is not harmless.
The Tenth Circuit has, in several cases, reversed and remanded for resentencing where, as in this case, the district court erroneously applied a presumption of reasonableness and then sentenced the defendant at the bottom of the Guidelines range. See United States v. Conlan, 500 F.3d 1167, 1170 (10th Cir.2007) (“[The defendant] was sentenced at the very bottom of his advisory guideline range, a sign we have taken in the past to indicate that the court may have done something differently had it not felt mistakenly bound by the guidelines.”); see also United States v. De Jesus-Gomez, 263 Fed.Appx. 707, 710 (10th Cir.2008) (vacating and remanding for resentencing where “[t]he district court, after erroneously applying a presumption of reasonableness, and further stating that [the defendant] had not overcome that presumption, imposed a sentence at the very bottom of the Guidelines range.”); United States v. Begay, 470 F.3d 964, 976-77 (10th Cir.2006) (“But the government fails to argue harmless error. Nor could it do so successfully. The sentence imposed was at the bottom of the Guidelines range. We cannot say whether the district court would have imposed the same sentence if it had properly understood the post-Booker legal landscape.”), *927 overruled on other grounds, — U.S.-, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008). Henson’s very-bottom-of-the-Guidelines-range sentence indicates that, had the district court not been operating under the incorrect notion that the Guidelines range was presumptively reasonable, it might have sentenced Henson in a different manner. See Conlan, 500 F.3d at 1170. This further suggests that the district court’s error was not harmless.
Given the record, I conclude the error substantially influenced the outcome of the proceedings and therefore was not harmless. I would vacate Henson’s sentence and remand for resentencing.