NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 10, 2014
Decided June 24, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2928

| | |
|---|---|
| UNITED STATES OF AMERICA | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| | |
| *v.* | No. 1:11-cr-00667 |
| | |
| ANTWOINE WADDY, | Gary S. Feinerman, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Antwoine Waddy and other members of a Chicago drug-trafficking network were charged with conspiring to possess and distribute heroin. Waddy pleaded guilty to his involvement in the conspiracy, and was sentenced as a career offender based on his three prior convictions for controlled-substance offenses. Waddy received a sentence of 96 months' imprisonment—below the guidelines range of 151 to 188 months. Waddy appeals his sentence but argues only that the district court failed to make a sufficient determination of the amount of heroin for which he was responsible. Because Waddy

was sentenced as a career offender, the amount of heroin attributable to him is not relevant, and we affirm his sentence.

Waddy has been involved in dealing drugs around Chicago since he was a teenager. By July 2007 he was distributing heroin for a drug-trafficking network in the city. Using information obtained from informants, electronic surveillance, and transactions with undercover officers, Chicago police and the DEA investigated the organization. In 2011 Waddy (and other members of the network) were charged with conspiring to distribute heroin from September 2006 to April 2008, *see* 21 U.S.C. §§ 846, 841(a)(1), and three counts of using a telephone to facilitate the conspiracy, *id.* § 843(b).

Waddy pleaded guilty to the conspiracy charge, and, as part of a plea agreement, the government dismissed the other charges and a recidivism enhancement. *See* 21 U.S.C. § 851. That statutory enhancement would have relied on just one of Waddy's prior convictions to subject him to a minimum sentence of 20 years. *See id.* § 841(b)(1)(A)(i). In the plea agreement Waddy stipulated that he conspired with others to distribute heroin for the network's leader, Greg Holden, between July and November 2007. Waddy further stipulated that Holden and other members of the drug ring regularly gave him heroin to supply "pack workers" who sold it on the street in single-use quantities. Sometimes Waddy sold heroin directly to customers.

To determine the amount of heroin attributable to Waddy, a probation officer relied on the government's evidence obtained from intercepted phone conversations between Waddy and Holden, statements Holden made after his arrest, Holden's testimony before a grand jury and during proffers, and statements and plea agreements of other coconspirators. The probation officer concluded that Waddy was responsible for 2.34 kilograms of heroin, which corresponds to a base offense level of 32. *See* U.S.S.G. § 2D1.1(c)(4).

The probation officer also determined that Waddy is a career offender because of his three prior state convictions for drug felonies. *See* U.S.S.G. § 4B1.1. The first of these convictions resulted from Waddy's arrest in 1997, when he was 18, for possession with intent to deliver crack cocaine. The second and third convictions were for possession with intent to deliver heroin in 1998 and 2002. The probation officer thought that Waddy faced a possible life sentence and thus concluded that his base offense level as a career offender was 37 (though the probation officer recommended decreasing that number by 3 levels for acceptance of responsibility). Combined with his Category VI

criminal history, the guidelines imprisonment range was 262 to 327 months. Waddy objected to the application of the career-offender guideline and argued that his prior drug convictions were part of his ongoing involvement in the charged conspiracy.

At sentencing the parties debated whether Waddy should be sentenced as a career offender, *see* U.S.S.G. § 4B1.1, or instead using the Chapter 2 guideline for general drug crimes, *see id.* § 2D1.1. The sentencing judge first addressed the offense level and criminal-history category under the career-offender guideline. The parties disagreed with the probation officer's conclusion that Waddy faced a statutory maximum of life imprisonment, and they urged the court to apply the default 20-year maximum when determining the sentence range under the career-offender guideline. *See* 21 U.S.C. § 841(b)(1)(C); *United States v. Mansoori*, 480 F.3d 514, 518 (7th Cir. 2007). The judge agreed with the probation officer that Waddy's three prior drug offenses were not part of the charged conspiracy and that he qualified as a career offender. *See* U.S.S.G. § 4B1.2(b), (c). Using a 20-year statutory maximum to apply the career-offender guideline, the district court calculated a base offense level of 32 and a criminal-history category of VI. *See id.* § 4B1.1(b).

The judge then discussed Waddy's sentence under the Chapter 2 guideline. The judge found, by a preponderance of the evidence, that Waddy was aware of the scope of the drug conspiracy and responsible for at least 1 kilogram of heroin, also resulting in a base offense level of 32. *See* U.S.S.G. § 2D1.1(c)(4). The judge also stated, however, that the drug quantity is irrelevant because Waddy's base offense level is the same under the career-offender guideline. Waddy received a 3-level decrease for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, resulting in a total offense level of 29. That, combined with his criminal-history category of VI, resulted in a guidelines imprisonment range of 151 to 188 months. After discussing the factors in 18 U.S.C. § 3553(a), the letters submitted by Waddy's family and friends, the sentences of his coconspirators, and the "fairly minor" drug quantities involved in Waddy's prior convictions, the judge sentenced him below the guidelines range to 96 months' imprisonment.

Waddy's only argument on appeal is that the government did not adequately prove the amount of heroin attributable to him, and the district court thus did not make a proper determination of the drug quantity. The dispute about the amount of heroin that can be attributed to Waddy is irrelevant because, as a career offender, that quantity had no bearing on his sentence. According to the guidelines, a defendant convicted of a drug offense is a career offender if he has "at least two prior felony convictions of . . . a

controlled substance offense." U.S.S.G. § 4B1.1(a); *see United States v. Tichenor*, 683 F.3d 358, 366 (7th Cir. 2012); *United States v. Johnson*, 680 F.3d 966, 983 (7th Cir. 2012). A prior felony conviction qualifies under this guideline when it is an adult conviction in federal or state court for an offense punishable by more than a year imprisonment, regardless whether the sentence imposed was for less than one year. U.S.S.G. § 4B1.2 n.1.

When he was sentenced, Waddy had three prior convictions for possessing a controlled substance with intent to deliver. Each of those convictions qualifies as a "controlled substance offense" under the guidelines, and together they give Waddy the requisite convictions to qualify him as a career offender. *See* U.S.S.G. § 4B1.2(b); *United States v. Black*, 636 F.3d 893, 898 (7th Cir. 2011); *United States v. Thigpen*, 456 F.3d 766, 770 (7th Cir. 2006); *United States v. Hernandez*, 309 F.3d 458, 462 (7th Cir. 2002). When the career-offender guideline mandates an offense level higher than the Chapter 2 guideline for the offense conduct, the career-offender level controls the guidelines range. U.S.S.G. § 4B1.1(b); *United States v. Lomax*, 712 F.3d 1087, 1089 (7th Cir 2013); *United States v. King*, 356 F.3d 774, 780 (7th Cir. 2004). So even if the district court had agreed with Waddy's assertion that he was responsible for less than one kilogram of heroin (resulting in a lower base offense level under § 2D1.1), the career offender guideline would control, and Waddy's base offense level would remain at 32. *See* U.S.S.G. § 4B1.1(b); *United States v. Redmond*, 667 F.3d 863, 872 (7th Cir. 2012); *King,* 356 F.3d at 780. Waddy's challenge to the government's evidence and the court's finding about the drug quantity therefore is irrelevant.

Accordingly, Waddy's sentence is AFFIRMED.