**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App.
P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2010[*]
Decided July 13, 2011

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 09-4140 | |
| | Appeal from the United States District |
| UNITED STATES OF AMERICA, | Court for the Southern District of Indiana, |
| *Plaintiff-Appellee,* | Indianapolis Division. |
| | |
| *v.* | No. 1:07CR00086-001 |
| | |
| VARNADOR SUTTON, | Larry J. McKinney, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Varnador Sutton appeals his 120-month sentence for health-care fraud, imposed after remand because of a miscalculation in his guidelines range. *See United States v. Sutton,* 582 F.3d 781, 786 (7th Cir. 2009). Now Sutton argues primarily that the district court violated 18 U.S.C. § 3742(g) and exceeded the scope of our remand order by resentencing him above his guidelines range. We affirm.

---

[*]This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a); Cir. R. 34(f).

We laid out the facts of this case in our earlier opinion, *id*. at 781. To briefly restate, for almost two years, Sutton was the owner, CEO, and President of Regenerations, Inc., a company that purported to provide psychological counseling, which billed Indiana Medicaid for more than 84,000 counseling sessions — worth more than $9 million — that were all a sham; Regenerations never saw patients or provided treatment to anyone. Under this scheme Sutton submitted applications for reimbursement using a clinical psychologist's signature that he forged and identification numbers from more than 2500 unknowing Medicaid recipients; he swindled approximately $3.2 million in approved claims until he was caught and convicted of health care fraud. *See* 18 U.S.C. § 1347. At sentencing the court assessed Sutton's guidelines range at 151-188 months, based on a total offense level of thirty-four (including a six-level increase for having more than 250 victims, *see* U.S.S.G. § 2B1.1(b)(2)(C)) and a criminal history of I, but settled upon 120 months, the statutory maximum under § 1347. *See* U.S.S.G. § 5G1.1(a). We vacated that sentence, however, concluding that the § 2B1.1(b)(2) increase did not apply because the individuals whose Medicaid numbers were used to bill for services not rendered were not "victims" under § 2B1.1; none of them actually paid for a service they did not receive. *See* U.S.S.G. § 2B1.1 cmt. n. 3(A); *Sutton*, 582 F.3d at 785. We remanded the case for resentencing and directed the district court to calculate Sutton's guidelines range without the § 2B1.1(b)(2) enhancement.

On remand the district court again imposed the maximum 120-month sentence. The court began by calculating Sutton's guidelines range of 78 to 97 months based on a total offense level of twenty-eight (no longer including the § 2B1.1(b)(2) increase). The court then considered the § 3553(a) factors and stated that the 120-month sentence was warranted by the long duration of Sutton's scheme, the large number of fraudulent acts involved, and the unauthorized use of the identities of the Medicaid recipients and psychologist. In assessing the harm to the Medicaid recipients under § 3553(a), the court found it "significant" that the application notes to § 2B1.1 were amended after Sutton's original sentencing to specifically include identity theft victims as "victims" under § 2B1.1(b)(2). *See* U.S.S.G. § 2B1.1 cmt. n. 4(A) (2010).

On appeal Sutton argues that the district court violated 18 U.S.C. § 3742(g)(2)(B) by considering harm to the Medicaid identity holders when it applied the § 3553(a) factors. In his view, our remand did not contemplate that such harm would be a "permissible ground of departure" from the guidelines range. *Id.* § 3742(g)(2)(B). This argument lacks merit— the Supreme Court has concluded that § 3742(g)(2) is unconstitutional under *United States v. Booker*, 543 U.S. 220, 245-46 (2005), because it limits the district court's sentencing discretion in the absence of findings made by a trier of fact or a defendant's waiver of rights under the Sixth Amendment. *Pepper v. United States*, 131 S.Ct. 1229, 1244-45 (2011).

Sutton also argues that the court's consideration of the harm to the Medicaid identity holders exceeded the scope of our directive on remand; he characterizes our decision as prohibiting the district court from accounting for any harm to the Medicaid recipients whatsoever. But Sutton misapprehends the focus of our remand; there we directed the district court to calculate the guidelines range without treating the Medicaid identity holders as "victims" under § 2B1.1(b)(2). *Sutton*, 582 F.3d at 786. On remand the court followed our directive by excluding the six-level enhancement for having more than 250 victims when it calculated Sutton's total offense level. After correctly calculating the guidelines range, the court acted within its "substantial discretion" in applying § 3553(a) when it considered the harm Sutton caused to the people whose Medicaid information he appropriated and the recent amendments to the guidelines that included identity theft victims under § 2B1.1(b)(2). *United States v. Willis,* 523 F.3d 762, 770 (7th Cir. 2008)*; see also United States v. Angle*, 598 F.3d 352, 360 (7th Cir. 2010).

Sutton finally argues that the district court erred in applying the § 3553(a) factors because it did not address his arguments in mitigation that he had good standing in the community, no criminal history, and a low chance of recidivism based on his age. But a court need not address every potential sentencing factor like a checklist; it must offer only an adequate statement of reasons for the sentence it chooses. *United States v. Coopman*, 602 F.3d 814, 819 (7th Cir. 2010); *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008). Here the court reasonably explained Sutton's sentence based on its concern with imposing a sentence proportionate to his large-scale fraud and deterring others from committing a similar crime. His claims about his criminal history and good character were stock sentencing arguments, which the court was free to reject without discussion. *United States v. Tahzib,* 513 F.3d 692, 695 (7th Cir. 2008).

AFFIRMED.