NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2015[*]
Decided March 20, 2015

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-2290

| | |
|---|---|
| VARNADOR SUTTON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
| *v.* | |
| | No. 13-cv-406 |
| UNITED STATES OF AMERICA, | |
| *Defendant-Appellee*. | Sarah Evans Barker, |
| | *Judge*. |

**O R D E R**

In 2008 Varnador Sutton was convicted of defrauding Indiana Medicaid, and his sentence included forfeiture of certain assets related to his scheme. In this civil suit Sutton challenges various aspects of that forfeiture. The district court concluded that it lacked jurisdiction over Sutton's claim. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Our opinion from Sutton's direct criminal appeal details the facts and procedural history of his prosecution, *United States v. Sutton*, 582 F.3d 781 (7th Cir. 2009), but we highlight those facts that are most relevant to this appeal. Sutton was charged in 2007 with defrauding Indiana Medicaid in violation of 18 U.S.C. § 3147. Sutton, the indictment alleged, ran a counseling business that had no patients but nevertheless charged the state for providing psychological services. The indictment also gave notice of the government's intent to seek forfeiture of assets it determined were proceeds of Sutton's fraud. A jury found Sutton guilty, and the district court determined that the government had shown by a preponderance of the evidence that Sutton received about $3.3 million in profit from his scheme. A money judgment in that amount was entered, and the government promptly notified the parties and court of its intention to forfeit Sutton's assets to satisfy the judgment.

The government ultimately forfeited three bank accounts, three vehicles, and five parcels of land. Sutton did not challenge the forfeiture in either his direct criminal appeal or in a later appeal after we had remanded for resentencing. *See United States v. Sutton*, 431 F. App'x 486 (7th Cir. 2011). Meanwhile, however, he filed a motion seeking return of his property under Federal Rule of Criminal Procedure 41(g). He then learned, to his apparent surprise, that his property already had been liquidated.

His response to this unsuccessful bid to get his property back has been a flurry of litigation, including this lawsuit, his fourth on the subject. The district court gleaned two claims from Sutton's narrative complaint: a challenge to the government's power to forfeit his assets and a challenge to the amount forfeited. The court, explaining that these claims belonged in a direct appeal of his criminal sentence rather than an action for return of the property, concluded that it lacked jurisdiction over Sutton's complaint. *See Young v. United States*, 489 F.3d 313, 316 (7th Cir. 2007).

On appeal Sutton argues that the district court misapprehended the essential nature of his claim. He maintains that he sought to challenge the sufficiency of the government's notice that it would forfeit his assets, grounding his challenge in due process. But even if we accept that characterization, the Indiana district court would be without jurisdiction to entertain his claim. Under the Tucker Act, 28 U.S.C. § 1491(a)(1), jurisdiction over constitutional claims against the government for monetary relief in excess of $10,000 lies only in the Court of Federal Claims. *See United States v. Bormes*, 133 S. Ct. 12, 16–17 & n.2 (2012); *Global Relief Found., Inc., v. O'Neill*, 315 F.3d 748, 754 (7th Cir. 2002). Sutton argues that the Tucker Act is inapplicable because he seeks "equitable relief," *see E. Enters. v. Apfel*, 524 U.S. 498, 522 (1998), but this argument is belied by his

prayer for "equitable relief in the amount of $2,436,961.10." Requests for such monetary damages must be brought in the United States Court of Federal Claims.

AFFIRMED.