**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kadiri APAMPA, Defendant–Appellant.**

No. 97–3449.

United States Court of Appeals,
Seventh Circuit.

Submitted May 12, 1999.

Decided June 2, 1999.

**556**

Barry Rand Elden, Chief of Appeals, Patrick S. Layng, Office of United States Attorney, Criminal Div., Chicago, IL, for Plaintiff–Appellee.Kadiri Apampa, Federal Correctional Institution, Sandstone, MN, for Defendant–Appellant.

Before COFFEY, EASTERBROOK, and ROVNER, Circuit Judges.

PER CURIAM.

■ Charged with conspiring to distribute heroin, Kadiri Apampa pleaded guilty and was sentenced to 100 months' imprisonment, plus forfeiture of $675,000. Fifty-six days after the sentence was docketed, Apampa filed a notice of appeal addressed solely to its forfeiture component. "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after" entry of the "judgment or order being appealed", Fed. R. App. P. 4(b)(1)(A)(i). But in a civil case to which the United States is a party, the losing side has 60 days to take an appeal. Fed. R. App. P. 4(a)(1)(B). Apampa contends that his notice of appeal is timely because a financial forfeiture should be treated as a civil judgment.

Many forfeitures are civil, but this was not. The United States sought the forfeiture as a penalty for crime; it was imposed under 21 U.S.C. § 853 (captioned "Criminal . Forfeitures") in the criminal case. See *Libretti v. United States*, 516 U.S. 29, 38–39, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995); cf. *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). This forfeiture is no more a "civil case" than is a criminal fine. Both fine and forfeiture are monetary exactions, but whether a financial penalty is civil or criminal depends on the nature of the proceeding, and not simply on money versus imprisonment. *Hudson v. United States*, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997); *S.A. Healy Co. v. OSHRC*, 138 F.3d 686 (7th Cir.1998). Nor did the fact that the district judge specified the punishment in two documents (one providing imprisonment and the other forfeiture) affect the time to appeal; this remains a "defendant's" appeal in "a criminal case".

■ Some orders in criminal cases have been treated as civil matters because they are collateral to criminal punishment. For example, bond forfeitures collected from third parties are not criminal sanctions, and sureties are not "defendants"; these orders have been analogized to civil judgments. *United States v. Santiago*, 826 F.2d 499 (7th Cir.1987). Because § 853(n) provides for the resolution of third-party claims to goods forfeited in a criminal case, the principle that persons who are not "defendants" have a longer time to appeal applies to some § 853 issues. See *United States v. Lavin*, 942 F.2d 177 (3d Cir.1991). But Apampa, the defendant, can't take advantage of this principle. Another line of cases applies the longer civil period even to orders involving defendants, when the orders concern issues other than the conviction and punishment. Thus, for example, an order denying a motion for return of property has been deemed civil, *United States v. Taylor*, 975 F.2d 402 (1992), as has an order refusing to issue a "certificate of innocence" to a former defendant. *Betts v. United States*, 10 F.3d 1278 (7th Cir.1993). See also Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 16A *Federal Practice and Procedure* § 3950.8 at 225–29 (2d ed.1996).

■ But the *core* of a "criminal case" to which Rule 4(b) applies is the sentence—a core not only linguistically but also functionally. Rule 4(b) facilitates prompt appellate resolution of all issues concerning that sentence so that punishment may be administered or, if necessary, new proceedings held. The Speedy Trial Act requires dispatch in the trial and disposition

of criminal cases in the district courts; Rule 4(b) introduces a measure of dispatch to the appellate process. Defendants are told at sentencing about their appellate rights, see Fed. R. Crim. P. 32(c)(5), and the clerk will file a notice on the spot if the defendant requests; defendants do not need additional weeks to find out about the opportunity to appeal, as civil litigants might after receiving a decision by mail.

A forfeiture that constitutes part of the punishment in a criminal prosecution is governed by Rule 4(b). Because Apampa filed his appeal more than 10 days after the forfeiture was docketed, it is dismissed for want of jurisdiction.