In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-2591

TERRY B. YOUNG,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02-C-390—**George W. Lindberg**, *Judge.*

SUBMITTED APRIL 9, 2007[Œ]—DECIDED APRIL 24, 2007
PUBLISHED JUNE 14, 2007[ŒŒ]

Before POSNER, WOOD, and WILLIAMS, *Circuit Judges.*

PER CURIAM. More than five years after he was con-
victed for his role in a drug ring, Terry Young moved for
the return of funds that he says were "taken" by the
district court as part of a defective criminal forfeiture.

---

[Œ] After an examination of the briefs and the record, we have
concluded that oral argument is unnecessary. Thus the appeal is
submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

[ŒŒ] This decision was originally released as an unpublished
order. Upon the government's motion, we now issue it as a
published opinion.

Young cited Federal Rule of Criminal Procedure 41 as the basis for this motion, which the district court denied because Young had made the same argument in a prior, unsuccessful motion. Young appealed. We inadvertently issued a final order in this case before Young's reply brief was due, and then vacated that order to consider Young's reply. We again find, however, that the district court lacked subject matter jurisdiction over Young's motion.

Young was a high-ranking member of the Traveling Vice Lords, a Chicago street gang. A jury found him guilty of drug crimes and money laundering and returned a special verdict finding that Young and his coconspirators had netted proceeds of $6 million. Prior to sentencing, the district court entered a "preliminary" order of criminal forfeiture, see 18 U.S.C. § 982; 21 U.S.C. § 853; FED. R. CRIM. P. 32(d)(2) (Dec. 1, 1996) (superseded by FED. R. CRIM. P. 32.2(b) effective Dec. 1, 2000), which divested Young of his interest in specific property that was either traceable to the proceeds or identified by the government as substitute assets. In September 1999 the court sentenced Young to life imprisonment on the drug counts and 20 years on the money-laundering charge. In the judgment of conviction the court also ordered that Young "shall forfeit" his interest in the $6 million. A "final" order of forfeiture, see 18 U.S.C. § 982(b)(1); 21 U.S.C. § 853(n), was entered in October 1999 and amended in December 1999. Young filed a direct appeal but raised no issue concerning the criminal forfeiture. We upheld his convictions but remanded for resentencing, *United States v. Mansoori*, 304 F.3d 635, 642 (7th Cir. 2002). On remand the district court again imposed an overall sentence of life, which we recently upheld. *United States v. Mansoori*, 480 F.3d 514 (7th Cir. 2007).

Young filed his current "Rule 41" motion in November 2005. In that motion he demands that the government

return a small amount of currency seized from his house plus the proceeds of a bank account, cashiers check, and certificate of deposit. These funds, which total roughly $133,000, are all specifically identified as substitute assets in the "preliminary" and "final" orders of forfeiture, see 21 U.S.C. § 853(p), but they are not itemized in the judgment of conviction. Young, who says nothing about the $6 million forfeiture that *is* in the judgment of conviction, argues based upon his reading of former Rule 32(d)(2) of the Federal Rules of Criminal Procedure that the currency and other items comprising the $133,000 were not criminally forfeited because they are not listed in the judgment of conviction. See FED. R. CRIM. P. 32(d)(2) (Dec. 1, 1996) ("At sentencing, a final order of forfeiture shall be made part of the sentence and included in the judgment."). Instead, says Young, the district court took the funds without jurisdiction when it entered the amended "final" order of forfeiture in December 1999. Young made the identical argument in an earlier "Rule 41" motion that was filed and denied while his initial appeal was pending, and in denying the present motion the district court explained that it would not "revisit its prior decision denying return of the property."

In our view, Young's motion is best seen as an improper attempt to challenge a component of his sentence. Although we have recognized that a motion labeled as one under Rule 41 is sufficient to commence a civil equitable proceeding to recover seized property that the government has retained after the end of a criminal case, *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004); *United States v. Solis*, 108 F.3d 722, 722 (7th Cir. 1997), a criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all. See *United States v. Machado*, 465 F.3d 1301, 1305-06 (11th Cir. 2005); *United States v. Apampa*, 179 F.3d 555, 557 (7th Cir. 1999) (per curiam); *United States v. Mosavi*, 138 F.3d

1365, 1366 (11th Cir. 1998); see also *Sims*, 376 F.3d at 708 (noting that Rule 41 may be invoked "after criminal proceedings have concluded to recover the defendant's property when the property is no longer needed as evidence—*unless, of course, it has been forfeited in the course of those proceedings*" (emphasis added)). Young wrongly concludes that the amended "final" order of forfeiture entered in December 1999 affected his interest in the funds. That order resolved the rights of *third parties*, not Young. See 21 U.S.C. § 853(k), (n); *United States v. Pelullo*, 178 F.3d 196, 202 (3d Cir. 1999); *United States v. Messino*, 122 F.3d 427, 428 (7th Cir. 1997); see generally FED. R. CRIM. P. 32.2(c) (providing for postsentencing, ancillary proceeding to resolve third-party claims to criminally forfeited property). Young's interest in the disputed funds was resolved through the jury's verdict, the "preliminary" order of forfeiture, and the judgment of conviction. See FED. R. CRIM. P. 32(d)(2) (Dec. 1, 1996) (superseded by FED. R. CRIM. P. 32.2(b), effective Dec. 1, 2000); *Pelullo*, 178 F.3d at 202; *United States v. Christunas*, 126 F.3d 765, 767 (6th Cir. 1997); *Messino*, 122 F.3d at 428.

We are not persuaded by Young's contention that the funds were never forfeited simply because the specific items are not written into the judgment of conviction. Young does cite one opinion questioning the validity of a criminal forfeiture where the judgment of conviction is altogether silent about forfeiture, see *United States v. Pease*, 331 F.3d 809, 811, 813-15 (11th Cir. 2003); see also *United States v. Gilbert*, 244 F.3d 888, 923-26 (11th Cir. 2001); *United States v. Coon*, 187 F.3d 888, 901 (8th Cir. 1999), but Young's judgment—which orders him to forfeit $6 million—is hardly silent. Moreover, we have suggested disagreement with the conclusion that a failure to incorporate the order of forfeiture into the judgment of conviction undermines a criminal forfeiture. See

*Apampa*, 179 F.3d at 556 ("Nor did the fact that the district judge specified the punishment in two documents (one providing imprisonment and the other forfeiture) affect the time to appeal; this remains a 'defendant's' appeal in 'a criminal case'."). Other circuits have done the same. See *United States v. Yeje-Cabrera*, 430 F.3d 1, 15 (1st Cir. 2005) (opining that rule of procedure requiring criminal forfeiture to be incorporated into judgment of conviction "is largely a housekeeping rule and does not itself go to any fundamental rights of defendants"); *United States v. Bennett*, 423 F.3d 271, 273-74, 282 (3d Cir. 2005) (failure to mention criminal forfeiture at sentencing hearing or in judgment of conviction did not invalidate forfeiture that otherwise complied with statutory requirements; omission of forfeiture from judgment of conviction is "far less substantive than a failure to include other penalties, which do not typically stem from preliminary post-conviction orders"); *United States v. Loe*, 248 F.3d 449, 464 (5th Cir. 2001) (where district court had entered preliminary order of forfeiture before sentencing and ordered forfeiture orally at the sentencing hearing, criminal forfeiture was valid despite absence of specific reference in judgment of conviction).

The judgment of conviction unquestionably orders Young to forfeit $6 million, and with criminal forfeiture the government is always free to pursue substitute assets like the funds Young wants back. 21 U.S.C. § 853(p); *United States v. Misla-Aldarondo*, 478 F.3d 52, 74-75 (1st Cir. 2007); *United States v. Alamoudi*, 452 F.3d 310, 312-14 (4th Cir. 2006). Thus his motion appears to have little arguable merit. The motion, though, really concerns the extent of the forfeiture language in the judgment of conviction, and that, we conclude, is a challenge to the judgment itself. A district court's jurisdiction to alter a judgment of conviction after sentencing is extremely limited, see *e.g.*, *United States v. Smith*, 438 F.3d 796, 799-

801 (7th Cir. 2006); *United States v. Zingsheim*, 384 F.3d 867, 871 (7th Cir. 2004), and we are aware of no exception that would authorize Young's belated challenge to a criminal forfeiture that could have been challenged on direct appeal. Accordingly, the judgment of the district court is MODIFIED to reflect a dismissal for lack of subject matter jurisdiction, and as modified the judgment is AFFIRMED.

A true Copy:

       Teste:

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*