**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 3, 2010[*]
Decided August 5, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-1895

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 07-CR-123 |
| JIMMIE LEE DURANT, | Lynn Adelman, |
| *Defendant-Appellant*. | *Judge.* |

**O R D E R**

Jimmie Durant pleaded guilty to drug charges and also agreed to forfeit, among other things, a $41,000 cashier's check. The district court entered a preliminary order of forfeiture listing the check. Subsequently, the court sentenced Durant to 78 months' imprisonment. Durant did not appeal his conviction or sentence. Seven months later, he

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(B).

filed a motion asking for the return of his forfeited check, arguing the check was payment for lawful construction work. The district court dismissed the motion for lack of jurisdiction, explaining that Durant's challenge to this aspect of his sentence was too late.

On appeal Durant focuses on the merits of his forfeiture argument but does not address the district court's conclusion that it lacked jurisdiction. As the district court noted, a criminal forfeiture is part of a criminal sentence and can be challenged only on direct appeal. *Young v. United States*, 489 F.3d 313, 315-16 (7th Cir. 2007). Durant did not challenge the forfeiture on direct appeal and cannot do so now.

It makes no difference that the district court failed to include the forfeiture in the final judgment. The plea agreement and the preliminary forfeiture order reflect the parties' intent that the forfeiture be part of the judgment; therefore, the omission is merely a clerical error correctable at any time under Fed. R. Crim. P. 36. *United States v. Quintero*, 572 F.3d 351, 353 (7th Cir. 2009).

That is the end of this appeal, but we note one final matter. Durant also contends that his counsel was ineffective. Such claims are best left for collateral review, and indeed Durant has addressed that issue in a separate proceeding. *Durant v. United States*, No. 10-C-0045, 2010 WL 996407 (E.D. Wis. Mar. 15, 2010).

AFFIRMED.