NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 29, 2018[*]
Decided May 31, 2018

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

| | |
|---|---|
| No. 17-2613 | Appeal from the United States District Court for the Southern District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 11-CR-30046-NJR-3 Nancy J. Rosenstengel, *Judge*. |
| SALVADOR GUADALUPE NAVARRO, *Defendant-Appellant*. | |

**Order**

The judgment in Salvador Navarro's criminal case includes a forfeiture of $9 million, which may be satisfied by seizing substitute assets. 21 U.S.C. §853(p). His initial appeal contested the length of his sentence but not the forfeiture provision. We remanded for resentencing. *United States v. Navarro*, 817 F.3d 494 (7th Cir. 2016). The district court reduced Navarro's time in prison from 262 months to 188 months (within the Guidelines

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a)(2)(C).

range) and imposed the same forfeiture. Navarro appealed again, but his lawyer filed an *Anders* brief.

Navarro contended, in a filing under Circuit Rule 51(b), that the forfeiture order was deficient because the district judge did not mention it at the time of sentencing. After considering this filing, we dismissed the appeal as frivolous. *United States v. Navarro*, No. 16-3092 (7th Cir. July 17, 2017) (nonprecedential disposition). We observed that Navarro's plea agreement contains a waiver of the right to appeal and that none of the arguments (by counsel or Navarro himself) was outside the scope of that waiver.

While his second appeal was pending in this court, Navarro filed in the district court a motion requesting an injunction against collection of the forfeiture from substitute assets. Navarro maintained that, despite the language in the judgment, collection from substitute assets is proper only if the prosecutor first obtains a judicial order, separate from the judgment, finding that the requirements of §853(p) have been satisfied. The district judge denied that motion, concluding that the sort of arguments Navarro presented had to be raised on direct appeal. Because they were not so raised—Navarro had not objected to collection from substitute assets in either of his two appeals—his new line of argument had been forfeited.

The district court's decision is correct. This appeal is controlled by *Young v. United States*, 489 F.3d 313 (7th Cir. 2007), which holds that disputes about the terms of a forfeiture specified in a criminal judgment must be raised on direct appeal or not at all.

*Young* added (without explanation) that a district court lacks subject-matter jurisdiction to consider an argument omitted from the defendant's direct appeal. The district judge in this case likewise stated that Navarro's motion sought relief that was outside the court's jurisdiction. Navarro, whose briefs do not mention *Young*, has not asked us to reexamine the jurisdictional aspect of that decision, which may need attention in an appropriate case.

It is true that Young's motion was made after the time limits specified by Fed. R. Crim. P. 35 and does not identify the sort of clerical error that Fed. R. Crim. P. 36 says may be corrected at any time. But we know from *Eberhart v. United States*, 546 U.S. 12 (2005), which *Young* did not cite, that time limits in the Rules of Criminal Procedure are not jurisdictional. *Hamer v. Neighborhood Housing Services of Chicago*, 138 S. Ct. 13 (2017), adds that time limits originating in the Rules of Appellate Procedure likewise are not jurisdictional. And 28 U.S.C. §2255 authorizes some forms of post-judgment review, including claims based on statutes. See *Davis v. United States*, 417 U.S. 333 (1974). Because the litigants have not asked us to reexamine the jurisdictional aspect of *Young*, we apply

it today—the difference between a jurisdictional dismissal and one based on waiver or forfeiture is irrelevant to Navarro—without endorsement.

AFFIRMED