**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4016**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

XAVIER MILTON EARQUHART, a/k/a Xavier Smart, a/k/a Xavier Akpan Smart, a/k/a Xzavier Erquhart, a/k/a Xzayvier Ernhart, a/k/a David Imrich, a/k/a Kevin Liols, a/k/a Michael Powell, a/k/a Melvin Hailstones, a/k/a Rety Humos, a/k/a Milton Monn,

Defendant - Appellant.

**No. 19-4336**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

XAVIER MILTON EARQUHART, a/k/a Xavier Smart, a/k/a Xavier Akpan Smart, a/k/a Xzavier Erquhart, a/k/a Xzayvier Ernhart, a/k/a David Imrich, a/k/a Kevin Liols, a/k/a Michael Powell, a/k/a Melvin Hailstones, a/k/a Rety Humos, a/k/a Milton Monn,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:17-cr-00134-BR-1)

Submitted:  August 29, 2019                    Decided:  September 10, 2019

Before FLOYD and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

No. 19-4016, dismissed; No. 19-4336, affirmed by unpublished per curiam opinion.

Xavier Milton Earquhart, Appellant Pro Se.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xavier Milton Earquhart seeks to appeal the district court's order granting the Government's motion for a final order confirming forfeiture. *See* Fed. R. Crim. P. 32.2(c)(2). Earquhart also appeals the court's order denying his motions to set aside the final forfeiture order and granting in part and denying in part his motion to stay the final forfeiture order pending appeal. We affirm in part and dismiss in part.

On appeal, we confine our review to the issues raised in the Appellant's brief. *See* 4th Cir. R. 34(b). Because Earquhart's informal briefs do not challenge the basis for the district court's disposition of his motions to set aside the forfeiture order, Earquhart has forfeited appellate review of that order. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Accordingly, in No. 19-4336, we affirm the district court's judgment.

With respect to No. 19-4016, even though a criminal defendant may appeal a preliminary forfeiture order, he may not appeal a final forfeiture order entered thereafter. *See Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007) ("[A] criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all."); *see also United States v. Pelullo*, 178 F.3d 196, 202 (3d Cir. 1999) (recognizing that "the order of forfeiture entered at sentencing is a final order with respect to the defendant from which he can appeal," as it "conclusively determines all of the defendant's interest in the forfeited property" and "the defendant generally has no standing to participate in the ancillary proceeding that takes place after the forfeiture order is entered at sentencing").

3

Accordingly, we conclude that Earquhart cannot appeal the final forfeiture order, and we dismiss the appeal in No. 19-4016 for lack of jurisdiction. *United States v. Amodeo*, 916 F.3d 967, 973 (11th Cir. 2019).

Finally, we grant Earquhart's motion to extend the filing time for the informal opening brief and deny his motions for judicial notice and to compel counsel to provide copies. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 19-4016, DISMISSED;*
*No. 19-4336, AFFIRMED*