NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

Nos. 18-2498 & 18-2762

———————————

UNITED STATES OF AMERICA

v.

GEORGE GEORGIOU,
                                        Appellant

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-09-cr-00088-001)
District Judge: Honorable Robert F. Kelly

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
January 21, 2020

Before: AMBRO, MATEY, and FUENTES, <u>Circuit Judges</u>

(Opinion filed: January 28, 2020)

———————————

OPINION[*]

———————————

AMBRO, <u>Circuit Judge</u>,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

George Georgiou appeals the District Court's denial of his motions to vacate forfeiture and substitute-asset orders, along with a restitution order, against him. For the reasons stated below, we affirm those orders.

A federal jury convicted Georgiou of securities fraud, wire fraud, and conspiracy for his participation in a stock-manipulation scheme. The District Court sentenced him to 300 months' imprisonment, ordered restitution of $55.8 million, and ordered him to forfeit $26 million. We upheld this sentence on direct appeal. *United States v. Georgiou*, 777 F.3d 125, 146–47 (3d Cir. 2015), *cert. denied*, 136 S. Ct. 401 (2015).

While Georgiou's direct appeal was pending, the Government filed an *ex parte* motion for entry of a preliminary order of forfeiture for a "substitute asset," specifically $9.2 million in an account at Royal Bank of Canada ("RBC") in partial satisfaction of the forfeiture order. The account was held in the name of Brent David Emanuel, a nominee of Georgiou. The Court granted the motion the same day. It thereafter granted Georgiou's unopposed motion to obtain copies of the sealed forfeiture motion, and then entered an amended order forfeiting the RBC account to the Government. After the Government provided notice to the interested parties, Emanuel followed up by filing a *pro se* ancillary petition asserting an interest in the RBC account. He then expressed his intent to withdraw the ancillary petition, and the District Court dismissed it.

While Emanuel's petition was pending, Georgiou filed a *pro se* motion under the All Writs Act, 28 U.S.C. § 1651, for a writ of *audita querela* to vacate the original forfeiture and substitute asset orders. "The common law writ of *audita querela* permitted a defendant to obtain relief against a judgment or execution because of some defense . . .

2

arising subsequent to the rendition of the judgment." *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (citation and internal quotation marks omitted) (emphasis added), *cert. denied*, 130 S. Ct. 2426 (2010). It "has been abolished in civil cases . . . [but] is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief." *Id.*

Georgiou sought relief from his forfeiture and substitute asset orders based on the Supreme Court's decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), that issued after his conviction became final. The Supreme Court held that a defendant who participated in the sales of chemicals used to manufacture drugs could not be jointly and severally liable for the forfeiture imposed because he did not personally receive any of the proceeds. *Id.* at 1630–32. Georgiou argued the forfeiture and substitute asset orders were based on joint and several liability and thus barred by *Honeycutt*.

The District Court denied Georgiou's *audita querela* motion and entered a final order of forfeiture for a substitute asset as to the RBC account. It also denied his *pro se* motion to stay execution of the final forfeiture and substitute asset orders, or alternatively for reconsideration. He appeals.

Georgiou separately moved under the All Writs Act to vacate the District Court's restitution order based on the Supreme Court's decision in *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090 (2016), which was also issued after his conviction became final. *RJR Nabisco* held that, though some of the substantive provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, apply extraterritorially, the private right of action requires an injury in the United States. *RJR*

3

*Nabisco*, 136 S. Ct. at 2104–05, 2111.  Georgiou argued that the nearly $56 million he was ordered to repay to victims was impermissibly predicated on foreign injuries because the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, does not expressly authorize a remedy for extraterritorial harm.  The District Court also denied this motion and Georgiou appealed.  We thereafter consolidated the forfeiture and restitution appeals.[1]

Our jurisdiction is per 28 U.S.C. § 1291.  We review the District Court's legal conclusions *de novo*.  *See United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam).

We agree with the District Court that *audita querela* is not an available remedy to vacate Georgiou's final forfeiture and substitute asset orders.[2]  As noted, *audita querela* is a remedy that applies only where there is a gap in the system of post-conviction relief.  *Massey*, 581 F.3d at 174; *see also United States v. Potts,* 765 F. App'x 638, 640 (3d Cir. 2019) (stating "we have yet to find a gap in the federal post-conviction framework that needed to be filled with a writ of audita querela").  Such a gap must be systemic and not merely reflect a defendant's inability to use available remedies.  *See Cradle v. United*

---

[1] Georgiou also filed a *pro se* motion to vacate, correct, or set aside his conviction and sentence under 28 U.S.C. § 2255.  On June 19, 2018, the District Court denied his motion.  Georgiou's appeal of that denial currently is pending before our Court in No. 18-3168.

[2] The District Court alternatively held that *Honeycutt* did not announce a new substantive rule of criminal procedure.  Because we conclude *audita querela* is not an available remedy, we need not reach the alternative ruling.

4

*States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (stating that "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative").

Georgiou has failed to identify a gap in the post-conviction relief system here—the orders entered could have been challenged on direct appeal. Indeed, "a criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all." *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007). If a defendant wishes to challenge a forfeiture or substitute asset order, he must file an appeal within 14 days of its entry. Fed. R. App. P. 4(b)(1). Georgiou here failed to challenge those orders on direct appeal. Indeed, he did not object to the forfeiture money judgment at sentencing, thus waiving the issue on appeal. *Georgiou*, 777 F.3d at 147.[3] Georgiou instead litigated the forfeiture issues in Canada and sought to prevent the Canadian authorities from honoring our District Court's order. Accordingly, *audita querela* is not a vehicle by which Georgiou can appeal the forfeiture and substitute asset orders. Even if it were available, Georgiou's case is readily distinguishable from *Honeycutt*. There the Supreme Court barred the imposition of forfeiture liability against a co-conspirator for proceeds he never obtained. 137 S. Ct. at 1635. Here, by contrast, there is ample

---

[3] Georgiou argues that challenging the joint and several nature of his forfeiture liability would have been futile because the issue was barred by settled Third Circuit precedent at the time. Georgiou Br. 11–12. However, the Supreme Court has rejected futility as cause for failing to appeal in similar circumstances. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (stating that "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time'") (citation omitted). Despite contrary precedent, Georgiou had the ability to challenge his forfeiture money judgment just as the defendant in *Honeycutt* did.

evidence in the record that Georgiou obtained millions in proceeds from the scheme. Gov't Supp. App. 67, 72–73, 98, 100, 115–21.

As for restitution, Georgiou previously raised an extraterritoriality challenge to the restitution amount in his direct appeal, and we rejected that argument. *Georgiou*, 777 F.3d at 132–38. *RJR Nabisco*, 136 S. Ct. at 2099–2103, applied the extraterritoriality test announced in *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 255 (2010), a decision we considered in Georgiou's direct appeal. *Georgiou*, 777 F.3d at 137. We have already held that his fraud occurred in the United States. *Id.* (holding that evidence demonstrated that Georgiou engaged in "domestic transactions" under *Morrison*). In any event, the Supreme Court has recognized the legitimacy of seeking restitution for foreign victims of U.S.-based crimes. *See Pasquantino v. United States*, 544 U.S. 349, 365–68, 371 (2005).

*     *     *     *     *

In this context, we affirm the orders of the District Court.