┌─────────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2020[*]
Decided March 27, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2964

| | |
|---|---|
| TERRY B. YOUNG, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:02-cv-00390 |
| UNITED STATES OF AMERICA, <br>     *Defendant-Appellee*. | Sarah L. Ellis, <br> *Judge*. |

**O R D E R**

In this appeal, Terry Young continues his quest to recover about $133,000 in assets that the government seized to partially satisfy a $6 million criminal forfeiture order issued in 1999. Young never appealed the forfeiture judgment, but he contends

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

that it is "void" and unenforceable, so he has bombarded the district court with various motions seeking the return of his property. After striking out on a fourth motion purportedly under Federal Rule of Civil Procedure 60(b), Young appeals. We affirm the district court's decision denying the motion for lack of subject matter jurisdiction.

In 1999, Young, along with multiple codefendants, was convicted after a jury trial of drug crimes and money laundering. The jury also returned a special forfeiture verdict finding the defendants jointly and severally liable for $6 million in drug proceeds. The final judgment reflected Young's sentence of life imprisonment and his liability for the $6 million. On appeal, we affirmed Young's conviction but vacated his sentence. *United States v. Mansoori*, 304 F.3d 635, 642 (7th Cir. 2002). Young, however, did not contest the forfeiture. On remand, the district court reduced Young's sentence on one count of conviction but again imposed a sentence of life imprisonment on the top count; in the amended judgment, the court stated that aside from the modifications in that order, the original judgment "is to stand." Again, Young appealed the sentence without challenging the forfeiture judgment. We affirmed. *United States v. Mansoori*, 480 F.3d 514, 525 (7th Cir. 2007).

In the meantime, in 2002, Young separately filed this civil action seeking the return of property—about $133,000 in substitute assets seized by the government as proceeds of drug trafficking—under what was then Federal Rule of Criminal Procedure 41(e).[1] He argued that there was no valid forfeiture judgment with respect to those assets. The district court denied the motion, and we dismissed the appeal because Young did not pay the filing fee. So he filed another "Rule 41" motion, which was denied. On appeal, we rejected the argument that, to be valid, a forfeiture judgment must identify the specific accounts from which the funds would be drawn. *United States v. Young*, 489 F.3d 313, 315 (7th Cir. 2007).

More importantly, we recognized that in his motion, Young really challenged a component of his sentence and therefore the "judgment itself." *Id.* at 316. Such a challenge must be raised "on direct appeal or not at all." *Id.* at 315. Noting that "a district court's jurisdiction to alter a judgment of conviction after sentencing is extremely limited," we could imagine "no exception that would authorize Young's belated challenge to a criminal forfeiture." *Id.* at 316 (*citing United States v. Zingsheim*,

---

[1] The 2002 reorganization of the Federal Rules of Criminal Procedure 41 moved the provision authorizing a motion to return property to Rule 41(g).

384 F.3d 867, 871 (7th Cir. 2004)). Thus, the district court lacked jurisdiction to address the motion, and we modified the judgment to reflect a jurisdictional dismissal. *Id*.

Undeterred, Young kept the civil docket alive by moving, ostensibly under Federal Rule of Civil Procedure 60(b)(4), to vacate the "void" judgment of forfeiture and have his assets returned. Young argued that the forfeiture had been wiped out when his sentence was vacated on direct appeal, and he was never "resentenced" to any forfeiture. The district court denied the motion as untimely. Young tried again, and the district court denied the next motion for lack of subject matter jurisdiction, citing our 2007 decision to that effect. The court denied Young's third "Rule 60(b)(4)" motion for the same reason and threatened him with sanctions for continuing to file frivolous motions. Ignoring the district court's advice that he should appeal the order if he disagreed with it, Young filed a fourth motion that was met with the same response. Finally, Young appealed.

As we have already explained to Young, he could challenge his criminal forfeiture only through direct appeal. *Young*, 489 F.3d at 315–16. *See also United States v. Bania*, 787 F.3d 1168, 1171–72 (7th Cir. 2015). That ship sailed a decade ago; now, the district court lacks jurisdiction to alter the judgment of conviction. Calling the judgment "void" does nothing to change that—but we note that the district court in fact incorporated the original forfeiture judgment into the amended judgment order. (And in later amendments, not relevant here, the district court included similar language.)

We further note that the district court could have denied all but the first of the "Rule 60(b)" motions summarily because they were procedurally improper. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) (district court should not consider an improper Rule 60(b) motion on its merits). Young failed to appeal the denial of the first one; that did not entitle him to repeat the same arguments in a second motion, let alone a third and fourth. *See Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008) (A Rule 60(b) motion is not a substitute for a timely appeal.) The time to appeal was within 60 days of the *first* order denying relief, Fed. R. App. P. 4(a)(1)(B); the last three identical motions were nuisance filings (which, unlike an appeal, did not cost Young any money to file in the already-open civil case). The district court was right to threaten sanctions and should not hesitate to impose them if Young resurrects his challenge in any form.

We, too, warn Young that he must put this issue to rest; this is now the second time we have told him that he does not have a path to challenge the forfeiture. Filing further frivolous appeals will result in monetary sanctions, *see McCready v. eBay, Inc.*,

453 F.3d 882, 892 (7th Cir. 2006), and, if they are not paid promptly, an order forbidding him from filing papers in any court within this circuit, *see Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED