**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2066
_____

UNITED STATES OF AMERICA

v.

LEVI EUGENE BROWN,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2:16-cr-00071-001)
District Judge: Honorable Mark R. Hornak

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
On July 29, 2021

Before: McKEE, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: October 26, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Levi Brown appeals the District Court's order dismissing his motion to return property for lack of jurisdiction. The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's order.

In 2014, Brown pleaded guilty to drug and firearms charges. As part of the plea agreement, he agreed to forfeit $8,000 in cash that the Government seized while searching his home. The Government thus filed a motion for a preliminary order of forfeiture, which the District Court granted. In August 2016, the District Court entered judgment, sentencing Brown to an aggregate term of 120 months' imprisonment. The criminal judgment explicitly stated that Brown forfeited "$8,000 in United States currency." ECF No. 46 at 7. The Court also entered a final order of forfeiture to the same effect. Brown did not appeal the criminal judgment or the forfeiture order.

About four-and-a-half years later, in April 2021, Brown filed a motion for return of property. He cited a variety of rules and statutes but relied primarily on Fed. R. Crim. P. 41(g). See ECF No. 61. He claimed that the seizure of the money had been unlawful and asked for the Government to return the $8,000. The District Court determined that the motion was untimely and procedurally improper, and therefore dismissed it. Brown appealed, and the Government has filed a motion to summarily affirm.[1]

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review. See United States v. Cheeseman, 600 F.3d 270, 275 n.4 (3d Cir. 2010); Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007).

We agree with the District Court's analysis. "[T]he order of forfeiture entered at sentencing is a final order with respect to the defendant from which he can appeal." United States v. Pelullo, 178 F.3d 196, 202 (3d Cir. 1999); Cheeseman, 600 F.3d at 275 n.4 (explaining that "a forfeiture becomes final at sentencing and that a defendant may appeal a forfeiture order once sentenced"); Fed. R. Crim. P. 32.2(b)(4). Thus, if Brown wished to challenge the forfeiture order, he should have filed a direct appeal from the criminal judgment. See Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007) (explaining that "a criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all"). He did not do so, and the District Court correctly refused to consider Brown's tardy attack on the forfeiture order.

Brown's invocation of Rule 41(g) does not change the analysis. While a defendant may sometimes seek the post-trial return of property under Rule 41(g), this procedure is not available if the property was "subject to forfeiture." See generally United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999) (stating that "property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture"); Sarah N. Welling, 3A Federal Practice and Procedure Criminal (Wright & Miller) § 690 (4th ed.) ("If property has been ordered forfeited in a judicial forfeiture proceeding, this cannot be challenged by a motion under Criminal Rule 41(g)."). Because no authority permits Brown's "belated challenge to a criminal forfeiture that could have been challenged on direct appeal," the District Court properly dismissed the motion for lack of jurisdiction. Young, 489 F.3d at 316 (so holding).

3

Accordingly, we grant the Government's motion and will summarily affirm the District Court's order.[2]

---

[2] In the documents Brown has filed in this Court, he sometimes seems to argue that he is entitled to a reduction of sentence. However, his motion for a reduced sentence remains pending in the District Court and is not part of this appeal.