**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3136
_____

UNITED STATES OF AMERICA

v.

RENEE TARTAGLIONE,
                              Appellant

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(District Court No. 2-15-cr-00491-001)
District Judge: Hon. Joel H. Slomsky
_____

Submitted on November 8, 2022

(Filed: December 22, 2022)

Before:  JORDAN, SCIRICA, RENDELL, *Circuit Judges*.
_____

O P I N I O N*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, *Circuit Judge*.

I.

In 2017, a federal jury convicted Renee Tartaglione of defrauding the Juniata Community Mental Health Clinic, where she had been board president, and stealing over $2 million. The District Court sentenced her to imprisonment, ordering restitution and forfeiture. We affirmed her sentence on direct appeal. *See United States v. Tartaglione*, 815 F. App'x 648 (3d Cir. 2020). One year later, Tartaglione attempted to appeal the forfeiture portion of her sentence through what she styled as a Motion to Forfeit. The District Court dismissed that motion, reasoning that it had no jurisdiction to modify Tartaglione's sentence. Tartaglione now appeals that order. Because the District Court was correct in concluding that the appeal was an impermissible collateral attack on a final judgment, and thus that the court had no jurisdiction to hear it, we will affirm.

II.

We write for the parties and so recount only the facts necessary to our decision. In 2017, Tartaglione was convicted of fifty-three counts of fraud. The District Court rendered an Amended Judgment, ordering eighty-two months imprisonment, three years of supervised release, a $5,300 special assessment, restitution in the amount of $2,339,691 (to be paid to the Pennsylvania Office of Attorney General), and forfeiture (to be paid to the United States Department of the Treasury) in the amount of $2,401,850.

Tartaglione filed a notice of appeal on July 25, 2018, in which she raised several issues, including issues related to forfeiture and restitution. A week after filing that appeal of final judgment, Tartaglione filed a motion in which she asked the District Court

2

to vacate, amend, or modify its Preliminary Order of Forfeiture. The District Court denied the motion for lack of jurisdiction, explaining that the forfeiture order was part of the Amended Judgment, and because she had filed a notice of appeal, the district court no longer had jurisdiction to consider any part of that sentence. Forfeiture was then stayed pending resolution of Tartaglione's direct appeal. In June 2020, we affirmed the judgment of the District Court in all aspects. *See Tartaglione*, 815 F. App'x at 654.

One year later, Tartaglione again urged the District Court to amend the forfeiture and restitution portions of her sentence. She filed a Motion to Forfeit seeking to prevent the Clerk of the District Court from disbursing $1,040,900. That motion was denied because the District Court determined it had no jurisdiction to modify Tartaglione's sentence. Her appeal of that denial is before us now.[1]

Tartaglione makes several arguments which we need not address, since her appeal represents a collateral attack on a final judgment. Therefore, we will affirm.

Tartaglione essentially objects to the terms of the District Court's final order which she appealed unsuccessfully. She urges that the District Court "committed reversible error when it improperly amended its Preliminary Order of Forfeiture to designate $1,049,000 in forfeited funds as restitution." Appellant's Brief at 17. Thus, she is complaining about the final order which we affirmed on direct appeal. She urges that

---

[1] The District Court had jurisdiction to consider Tartaglione's motion under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291. This Court exercises plenary review of the district court's interpretation of a provision of law. *Gibbs v. Cross*, 160 F.3d 962, 964 (3d Cir. 1998).

she can get around this by somehow deeming the forfeiture order to be a "collateral order to the Amended Judgment" since "forfeiture issues are still active because the government continues to seek supplemental assets . . . and the funds at issue remain at the Clerk's Office." Appellant's Brief at 17, note 2. Unfortunately for Tartaglione, this does not alter the fact that she is urging a basis for upending the Final Order that existed when her original appeal was taken. That was the appropriate time to raise these issues, but since she did not, she has forfeited the argument. The forfeiture order was final, and this collateral attack will not be permitted.

Criminal forfeiture is part of a defendant's sentence. *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007). Under the Federal Rules of Criminal Procedure, a forfeiture order becomes final at sentencing. Fed. R. Crim. Pr. 32.2(b)(4)(A). The Amended Preliminary Order of Forfeiture in this case makes that clear: "The forfeiture judgment became final as to the defendant *at sentencing on July 12, 2018*." App. at 489 (emphasis added). The District Court also orally incorporated its amended Preliminary Order of Forfeiture in the final judgment at Tartaglione's sentencing hearing. It follows that "a criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all." *Young*, 489 F.3d at 315; *see also United States v. Bennett*, 423 F.3d 271, 275 (3d Cir. 2005) ("[I]t is clear that the final order of forfeiture can be imposed only as part of the sentence[.]"). Tartaglione therefore forfeited her chance to challenge the disbursement of the $1,040,900 when she failed to challenge it in her direct appeal. *See Young*, 489 F.3d at 315. And, as the District Court correctly pointed out, no

statutory or procedural provisions allowing any opportunity for post-sentencing relief applied.

Because Tartaglione's Motion to Forfeit is, in essence, an impermissible second attempt at appealing a final judgment this Court affirmed two years ago, her appeal is barred and we, thus, need not reach the merits of her arguments.

III.

For these reasons, we will affirm the District Court's order denying Tartaglione's Motion to Forfeit.