**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6205

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MARK IAN GAVER,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:17-cr-00640-RDB-1)

Submitted:  April 19, 2024        Decided:  May 21, 2024

Before THACKER, HARRIS, and RUSHING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Mark Ian Gaver, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Ian Gaver seeks to appeal the district court's First Final Order of Forfeiture. Because Gaver lacks standing to challenge this order, we dismiss the appeal.

In 2018, a jury convicted Gaver of eight counts of bank fraud, in violation of 18 U.S.C. § 1344, and two counts of money laundering, in violation of 18 U.S.C. § 1957. As part of Gaver's sentence, the district court entered an order of forfeiture, which included a money judgment and identified certain bank accounts and property as forfeitable assets. Gaver did not challenge the forfeiture order on direct appeal.

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013). "[It] demands that an actual controversy persist throughout all stages of litigation," which "means that standing must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance." *Id.* at 705 (internal quotation marks omitted). "To have standing, a litigant must seek relief for an injury that affects him in a personal and individual way." *Id.* (internal quotation marks omitted).

"A defendant has standing to challenge a preliminary order of forfeiture because that order causes his injury—the loss of his property. A final order of forfeiture, in contrast, is entered after the defendant has already lost ownership of the property and decides only third parties' rights in the property." *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020) (citations omitted). Accordingly, "a criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all." *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007).

2

We have reviewed the record and the parties' informal briefs, and we conclude that Gaver lacks standing to appeal the district court's order. *See United States v. Flanders*, 752 F.3d 1317, 1343 (11th Cir. 2014) ("Because the final order of forfeiture has no bearing on the defendant's rights, the defendant has no right to appeal that order."). Accordingly, we dismiss the appeal.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Because a defendant is permitted to appeal "[i]f the court later amends . . . a forfeiture order to include additional property under [Fed. R. Crim. P. 32.2(e)]," this opinion does not impact Gaver's appeal in Case No. 22-6043 from the district court's order granting the Government's motion to amend the forfeiture order to include a substitute asset. *See* Fed. R. Crim. P. 32.2(b)(4)(C).

3